YATES, Presiding Judge.
This is a child-custody-modification case.
H.K. (“the mother”) and G.S.F. met in November 1999. The mother became pregnant shortly thereafter. She subsequently met another man and married him in March 2000. The child was born prematurely on September 6, 2000. G.S.F. elected to take a paternity test, which indicated that he was the biological father of *612 the child. After experiencing problems when attempting to visit the child, G.S.F. (“the father”) subsequently petitioned for custody of the child. On February 13, 2001, the trial court entered an order in which it awarded temporary physical custody of the minor child to the mother and supervised visitation to the father. On October 26, 2001, the father petitioned the court for a rule nisi, seeking custody of the child and child support; in support of his petition, the father cited the mother’s failure to permit him visitation with the child and her refusal to disclose where she and the child were living. On May 14, 2002, the paternal grandparents, M.A.F. and J.D.F., moved to intervene and requested custody of the child, alleging that the mother was unfit and that it was not in the child’s best interests to remain in the mother’s custody. Following ore tenus proceedings, the court, on January 15, 2003, awarded the mother and the paternal grandmother joint physical and legal custody of the child, with the father receiving visitation when the child was in the paternal grandmother’s custody. The court also reduced the father’s child-support obligation. The court otherwise denied the father’s petition. On January 21, 2003, the mother moved to alter, amend, or vacate the judgment, citing the court’s failure to determine the father’s child-support ar-rearage and its failure to determine which parent would receive the dependency deduction for income-tax purposes. The court amended its judgment on January 31, 2003, to. reflect the father’s child-support arrearage. On February 10, 2003, the mother again moved to alter, amend, or vacate the judgment, asserting that the court had impermissibly granted the paternal grandmother joint legal and physical custody of the child without first determining that the mother was unfit. That motion was denied as a matter of law. The mother appeals.[1]
On appeal, the mother argues, among other things, that the trial court improperly awarded joint legal and physical custody to the paternal grandmother, without first determining that the mother was unfit. We agree.
“[I]n order to award custody of the child to the paternal grandmother, a nonparent, the trial court was required to apply the standard set forth in Ex parte Terry, 494 So.2d 628 (Ala.1986). In Ex parte Terry, our supreme court held that in a custody dispute between a parent and a nonparent, a trial court may not award custody to a nonparent absent a finding, supported by clear and convincing evidence, that the parent is unfit; the exceptions to the rule that a parent has a prima facie right to custody of his or her child arise when a prior custody judgment transfers custody from the parent or where the parent voluntarily forfeits custody of the child.”
A.L. v. S.J., 827 So.2d 828, 833-34 (Ala.Civ.App.2002).
The record supports the trial court’s findings that the mother had lived in and had been evicted from several residences, had a poor work history, had remained in an abusive relationship with her husband for an extended period, and had only a “marginal home.” However, despite those problems, the record further reflects that the mother had otherwise properly cared for the child; had maintained stable housing for approximately one year before the hearing; had separated from her husband in October 2000 and had subsequently filed for a divorce; and had also obtained stable employment, working as a cashier and as a housekeeper. The mother pays for day care for the minor child and for another *613 child of hers. She has also attended parenting classes since approximately July 2002. The trial court, without having found the mother to be unfit, awarded the grandmother joint physical and legal custody of the child. The record does not reflect that a prior custody judgment divested the mother of custody of the child or that the mother relinquished custody of the child. Therefore, we must conclude that the trial court erred in granting the paternal grandmother joint physical and legal custody.
Accordingly, we reverse the judgment and remand the case for further proceedings consistent with this opinion. Based on our reversal, we pretermit discussion of the other argument raised by the mother.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.

. The paternal grandmother did not file a brief with this court.